UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| TAEK SANG YOON, | ) Case No. CV 09-5909-VAP (SH) |
|                 Petitioner, | ) |
| | ) MEMORANDUM AND ORDER |
| | ) DISMISSING PETITION FOR WRIT |
|    v. | ) OF HABEAS CORPUS |
| | ) |
| MATTHEW MALTER, Warden, | ) |
| | ) |
|                 Respondent. | ) |
| _____ | ) |

## I. **BACKGROUND**

On August 13, 2009, pro se petitioner Taek Sang Yoon, in state custody, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition").  The Petition challenges his 1997 convictions for assault with a deadly weapon and shooting at an inhabited dwelling, in Los Angeles County Superior Court (Case No. BA141348).  (Petition at 2).  As best the Court can glean from petitioner's allegations, petitioner alleges the following claims: (1) Petitioner's conviction was the result of ineffectiveness of trial counsel and trial counsel's

inducement and/or coercison; (2) Petitioner's conviction resulted from threats by gang members to petitioner, petitioner's witnesses, and prosecution witnesses; (3) Petitioner received ineffective assistance of habeas counsel; and (4) Petitioner's conviction was the result of a false investigation by authorities.  (Petition at 5-6).

## II.  DISCUSSION

On August 26, 2003, petitioner filed a Petition for Writ of Habeas Corpus herein (Case number CV 03-6090-VAP (SH)).  In that petition, petitioner challenged the same 1997 convictions.  On May 3, 2005, the district court denied that Petition with prejudice, in accordance with the conclusions of the Magistrate Judge.  On June 3, 2005, the district court denied petitioner's Petition for a Certificate of  Appealability.  On December 18, 2006, after granting petitioner's Request for a Certificate of Appealability, the Ninth Circuit Court of Appeals affirmed the Judgment.

On November 10, 2004, petitioner filed another Petition for Writ of Habeas Corpus herein (Case number CV 04-9252-PA (SH)).  In that petition, petitioner challenged the same 1997 convictions (as well as 1999 convictions).  On November 22, 2004, the district court signed an Order dismissing that petition, since it was duplicative of the pending habeas petition and contained unexhausted and non-cognizable claims.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, provides in pertinent part that:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as

provided in §2255.

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a Petition for Rehearing or for a Writ of Certiorari.

(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.  28 U.S.C. § 2244.

28 U.S.C. § 2244(b)(3) "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in the district court.  The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court.  § 2244(b)(3)(A)." Felker v. Turpin, 518 U.S. 651, 657, 116 S.Ct. 2333, 135 L.Ed 2d 827 (1996).

The instant Petition is a successive habeas corpus petition.  The instant Petition was filed on August 13, 2009, well after the effective date of the AEDPA. Therefore, petitioner was required to obtain authorization from the Court of Appeals before filing the present Petition.  See 28 U.S.C. § 2244(b)(3)(A).   It appears that no such authorization has been obtained in this case.  Thus, the Petition should be dismissed for that reason.

///

///

///

///

## III. **ORDER**

ACCORDINGLY, IT IS ORDERED that the Petition be dismissed.

DATED:   August 19, 2009

_____

VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

Presented by:

Dated: August 17, 2009

/ s /

_____

STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE